IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM ESCOFFERY, III,
    Plaintiff,

vs.                                    Case No.:  3:08cv500/LAC/EMT

SHALIMAR POINTE HOMEOWNERS
ASSOCIATION,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff attempted to initiate this action on October 31, 2008, by filing a Motion for Temporary Restraining Order (*see* Doc. 1).  On November 3, 2008, however, Plaintiff was advised that he cannot commence a civil action by filing a motion, and further, that if Plaintiff wished to initiate a civil action he would be required to file a complaint on the court-approved form (*see* Doc. 2).  Additionally, Plaintiff was provided with a copy of the court-approved form for filing his complaint (*id.*).  Upon a recent review of the docket, it appeared that no activity had taken place in this case since November 4, 2008, the date the court received the filing fee from Plaintiff (*see* Docket Entry 4); therefore, on March 9, 2009, this court issued an order requiring Plaintiff to show cause, within twenty (20) days, why this action should not be dismissed for want of prosecution (Doc. 5).[1]  The time for compliance with the show cause order has now elapsed with no response from Plaintiff.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED without prejudice** for Plaintiff's failure to prosecute.

---

[1] Pursuant to Rule 41.1(A) of the Local Rules for the Northern District of Florida, whenever it appears that no activity by filing of pleadings, orders of the court or otherwise has occurred for a period of more than ninety (90) days, the court may enter an order to show cause why the case should not be dismissed.  If no satisfactory cause is shown, the case may be dismissed by the court for want of prosecution. N.D. Fla. Loc. R. 41.1(A); *see also* Fed. R. Civ. P. 41(b).

At Pensacola, Florida, this 2nd day of April 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only**.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**